United States v. Smith. Good afternoon, Your Honors. May it please the Court, my name is Allegra Glasshauser and I represent Appellant Robert Smith. Your Honors, Mr. Smith was arrested without a warrant and he made a motion to suppress the evidence that was found on him. He stated that he didn't believe the officers saw him do any illegal activity and he noted the conditions of the evening that made that belief more likely to be accurate. There was no question. Saying that he didn't, he didn't believe that anybody saw what was happening is different from saying I didn't do it. Of course it's different. I don't dispute that it's different. But when there's a warrantless arrest, the burden on the defendant to show that a hearing is needed is low and the burden on the government to show probable cause, that burden is on the government. Here, Mr. Smith clearly met his burden in terms of standing, which is often what the issue is for the affidavit. What exactly would create the conflict with the facts on which the government relied to assert probable cause? Whether the officers could see what the officers said they saw, or rather what somebody said the officers saw. What the officers saw is the entire question for probable cause. If they saw something happen, then that would make a court find that there was probable cause and if they didn't see any illegal action, find that there wasn't. What's the difference between what I think you're arguing and what I'm going to suggest as a hypothetical? The officers say we saw this, this, and this, and the defendant says I don't believe you. It's different because here the defendant explained why he didn't think it was true. He did. I mean, I read the affidavit, his affidavit, both affidavits, obviously. I don't think it's the most artfully phrased affidavit. I did not engage in any illegal conduct that I believed to be visible to the police. Man, if my kids said that, I'd be like, Dad, I didn't think you saw me. And then he said, I can't say exactly what they observed as it was night and they were behind me during the pursuit. Let's say that those statements of your client are true. Let's say that. How do they directly contradict the government's asserted basis for the existence of probable cause to arrest Smith? They contradict what the officer's ability to observe was. And that's as much as somebody in Mr. Smith's position should be expected to do. He can't say what the officers saw. He's not the officers. And indeed, they were behind him. So he does not. Could he have just said it was nighttime? And they couldn't see me? Well, he doesn't know what they could see. Well, I don't believe they could see me because it was nighttime. Yes. When this is a warrantless arrest, the burden on the defendant is low. And it's important also, I think, in this case, not to look at his affidavit in a vacuum. What the government submitted is not by somebody with personal knowledge of the facts. So we're not comparing Mr. Smith's affidavit against an affidavit from the officer who actually said that they observed, excuse me? We're not comparing it with the officer who applied for the warrant, right? Well, there was no warrant, Your Honor. I'm sorry. The affidavit in support of the complaint is warranted. Right, right. Well, the complaint, as we have it, is submitted by somebody who wasn't there. So the government hasn't put in information about that evening from somebody with personal knowledge of the evening. So neither side has made a stellar showing of what happened that evening. But it's the government's burden to show probable cause. And given that, when they put in something that's not even by a person that was there, the burden on Mr. Smith. Supposing that the defendant put in nothing at all, was there enough evidence before the court in that case, would there be enough evidence before the court for the court to say, no, the arrest was fine? In other words, to what extent does your argument depend on what your client, what the defendant said in his affidavit, and to what extent does it depend on who wrote the affidavit for the government? I mean, I think here it's both. There's an older case out of this circuit that the government cites from the 60s, Culotta, where the defendant just said my arrest was illegal as there was no warrant without any other facts. And the court found that wasn't enough. Here we have more. We have the defendant saying that the conditions of the evening are such that he didn't believe they could see him. So we have something more. Under the court's case law, I think that the court could hold that an affidavit wouldn't be necessary in this circumstance where the government doesn't put in anything from someone who has personal knowledge. But I don't think the court needs to go that far here to find for Mr. Smith. How about the case of the United States versus Motley? In that case, the court said that the district court did not abuse its discretion. And as we agree, I'm sure that abuse of discretion is the standard. It was not an abuse of discretion not to hold a suppression hearing. I'm quoting, when the defendant's affidavit did not affirmatively deny the allegation contained in the criminal complaint that the gun was visible to the officer standing outside of the car. But instead, and I quote, only claim that to his knowledge, quote, there was no but of a gun hanging in a pouch attached to the back of the front passenger's seat. Why isn't that case, Motley case, similar to this case? Because in that case, the defendant didn't make any argument that the officer's opportunity to observe what they said they observed wasn't possible. In that case, the defendant is only talking about what he knew. And he doesn't say because it was nighttime or because my windows were tinted or because whatever it was, the officers, it was unlikely they saw what they said they saw. Here we have a person who is looking at the conditions of the evening and what the officers or somebody on behalf of the officers say they saw. And he's saying, it's night, they were behind me. I don't believe they could have seen that. And that should be enough to get a hearing on this constitutional issue, which is really the only time that that issue would be addressed by the court. And it's done on such a small number, a small amount of facts. The judge makes a decision that the police acted constitutionally. At the least, when the government doesn't put in anything from somebody with personal knowledge of the situation, the defendant's burden, Mr. Smith met his burden here by putting in an affidavit. I guess Judge Kogan is in danger of getting two consecutive cases returned to him for- For hearings. For hearings, is that what you're saying? I hope so, Your Honor, at least on this one. Thank you. May it please the court, David Gopstein on behalf of the United States. In order to warrant a hearing on a defendant's motion to suppress, the defendant's papers must include facts that, if true, would require the granting of that motion. The defendant must create some sort of factual dispute. Under that standard, the district court was well within its discretion in this case to deny the defendant's motion without conducting an evidentiary hearing. Why, perhaps you could clear this up for me. Why didn't you submit an affidavit to the district court from one of the directly involved police officers? Your Honor, for a couple of reasons. It's the defendant's burden to allege a factual dispute. And had the defendant had done so, he would have been entitled to more than a- But isn't it a better practice, regardless of whether the Smith had raised a sufficiently definite factual issue, wouldn't the better practice have been to have an affidavit from a police officer who was directly involved? I'm not sure it is, Your Honor. And then in every case, the government would have to, at a minimum, have an affidavit from one witness. And the government's not required to disclose its witnesses in advance of trial or to- It could have happened in this case, though, right? Excuse me, Your Honor? Wouldn't it have happened in this case? It could have, but it wasn't required under the law. And- I'm just asking whether it would have been a better practice in this case to have done so. I don't believe so, Your Honor, because the affidavit that was sworn to before the magistrate judge clearly set forth probable cause for the arrest. And I don't believe that issue has been in dispute from the beginning. There was probable cause for the arrest if the facts as sworn to before the magistrate judge are credited. Can you tell me from the record of this case, Mr. Gopstein, whether one or the other of the- there were two officers involved, right? No, there were three, Your Honor. Okay, one or more of them testified at trial? All three testified at trial, Your Honor. All three of them were subject to cross-examination at trial. And after presiding over the trial, and the defendant was acquitted of the two gun-related counts. And after presiding over the trial, Judge Kogan found, by preponderance of the evidence, which is the same standard that would apply at a suppression hearing, that it was certainly more likely than not that the defendant did, in fact, possess the gun. So again, it's true we're not operating in a vacuum. We're operating in a world where we sat through a whole trial, where everybody who would have testified at the suppression hearing did testify at trial. And they were subject to the same kind of cross-examination that they would have been, because the sole issue, or one of the main issues was, did they see the gun? And the jury acquitted for reasons that we won't know, but they acquitted on the two gun counts. And the judge, hearing the same testimony, found, by preponderance, that the defendant did, in fact, have the gun. Just briefly, in terms of the issue, just going back to the issue of personal knowledge. Again, there is no, there was no requirement here that the government respond in kind, and imposing such a requirement would sort of set a standard, especially in cases like this that are reactive, where you have the probable cause determination set forth before the magistrate judge. And if the defendant is entitled to the hearing, he'll have a hearing that really, in this kind of case, sort of is the first bite of the trial. It's a trial, then another trial. And so had he created a factual dispute, had there been any factual dispute as to the allegations set forth in the complaint. Don't you read the statement to mean that there is, that there is doubt that the police was genuinely in a position to observe the hand-to-hand transaction, and the dropping of a firearm, and that the better course would have been to hold an evidentiary hearing? I don't believe so, Your Honor, and for a couple of reasons. There really are only two sentences in this affidavit that have any bearing on whether or not the court should have held a hearing. The first sentence, which said, I did not engage in any illegal conduct that I believed to be visible to the police. And then the second sentence said, I cannot say exactly what they observed as it was night and they were behind me during the pursuit. As an initial matter, as I read it, as it was night and they were behind me during their pursuit clause, actually describes, the plain reading of that is it's explaining why he, the defendant, can't say exactly what they observed. That sort of makes sense because if he's running from the police, he can't say what the police saw him because his back is to them. But if this were enough to warrant a hearing in a case like this, then presumably any case in which there's an arrest at night and the defendant runs from the police would have an evidentiary hearing. Did I read something somewhere about it being, in fact, not dark but fairly well lit at that? Or am I confusing this with a movie I saw last night? No, you're correct, Your Honor. I don't know if you saw a movie last night. It may be both, in fact, that it was a movie and that it was well lit. But it was well lit in front of where this incident took place. We've submitted two trial exhibits that show how well lit it was. And so, there are a lot of things that the defendant could have said to warrant a hearing in this case. He did not do so. He chose not to do so. And the district court was well within its discretion, given these facts, in denying the motion without holding an evidentiary hearing. What if the defendant had said, and I know this is a hypothetical, so don't say that's not this case, because I know it isn't. What if the defendant had said, given where my position was and where I knew the officers to be behind me, where there were trash cans and trees, there is no way they could have seen anything that I was doing other than moving away from them. I think that would be a much closer call. I think that would be much, much closer. And again, we are in the probable cause context. And this court has said that in that context, there's a totality of circumstances that must be considered, one of which is running from the police. So that's one factor. But if there had been an affirmative denial that no, it is impossible that any police officer could have seen me throw the gun. No, it is impossible, given X, Y, and Z factors, that any police officer could have seen the hand-to-hand transaction. We would be in a much closer determination, but that is not where we were. And in any event, I'm sorry. No, I'm sorry. No, no, please go ahead. No, go ahead. In any event, just to recap, ultimately, there was a hearing in front of a jury, albeit the standard was beyond a reasonable doubt, as to whether the officers saw what they saw. That's correct, Your Honor. Why do you think that the jury acquitted a Smith of the possession of firearms charge? At sentencing, the district courts stated, and I'm quoting, as to whether Smith had the firearm during the crime. I think that's very straightforward. I think he certainly did. I agree with the judge's evaluation of the evidence on that. I'm not surprised, but you know. I do not know the answer to that question. Obviously, I argued at trial that there was no reasonable doubt as to whether or not the defendant had the gun. Can I ask you an equally unanswerable question? Yes, Your Honor. Let me just ask it. Was the jury having trouble deciding this case? I mean, was it one of these, an hour and a half in their back, or was it one of these, had to be charged two or three charges? I forget what it's called when the judge finally tells them, for God's sake, do something. It was not a long trial, and the deliberations were also not long. The trial was bifurcated, and so at first, the jury, it was a three count indictment, but at first, the jury only heard charges of the drug offense and the 924C. The jury did ask to see a portion of the video that we put into evidence before making its decision. Afterwards, the jury was informed that the defendant had a prior felony conviction, and the deliberations on that count were as long, if not longer, than the initial deliberations. This is on the charge for a felon in possession. Yes, Your Honor, and unless Your Honors have any additional questions, I'll rest on my papers. Thank you. Thank you. Judge Hall just mentioned that there was a hearing in front of the jury, but the thing is the jury acquitted, and for the jury acquitted, the only thing that was contested at trial, strategically . . . Different standard of proof, right? And it's a different standard. What I mean is, it's not inconsistent for the jury to say it wasn't proved by a reasonable doubt, but for the judge to say it was proved by a preponderance of the evidence, am I right? It's not, but as far as whether the issues that would have been raised at the suppression hearing were taken care of by the jury trial, they weren't at all here, especially because the defense strategically chose not to contest whether or not the officer saw the drug transaction, because that just wasn't what the defense chose to do at trial, and that would have been a significant part of the hearing. And, in any event, this court in Pena has said that the trial evidence just doesn't make up for the lack of a hearing, because it is a different standard and the defense counsel is focusing on something different, and it is just not the same thing, especially here. So, the trial really didn't cure the error here. And the government mentioned this burden being on the defense to get the hearing, but the burden's on the government to show that the arrest, the warrantless arrest, was with probable cause. And they're essentially arguing that the burden would be too high on them just to put in an affidavit from an officer about what they saw, and that can't be right. I mean, these are serious constitutional issues. We know from Supreme Court jurisprudence trailing way back to the 60s that it is adequate, right? To have an affidavit that's not from the person that saw the incident? I'm not sure what Your Honor is referring to. Well, it's just you can use hearsay in connection with obtaining an arrest warrant or a search warrant based on probable cause, so long as you identify the source and the source is reliable. So, you've got two officers or three officers saying to the sergeant, Sarge, get me a warrant and here's the information. Or get me a . . . I mean, fill out the . . . you go in front of the magistrate and get the arrest. Sure, but we're talking about a hearing once the defense is arguing that there wasn't enough evidence here, and that doesn't happen in every case. And once it does, and this court has also said that in Pena, the burden on the defense is low when there's a warrantless arrest once they are arguing that there was no probable cause. That doesn't mean that it would happen in every case. It doesn't. Many cases don't have motions to suppress. But this is not a high burden to require the government when there's a suppression motion to put in some evidence from somebody with personal knowledge of the case. And we don't have a case that says that, though, do we? Well, we don't have . . . In the Supreme Court? Well, I don't believe that this particular issue has come up either before this court or the Supreme Court about what the evidentiary standard is specifically for the government's affidavit in relation to a defendant putting in an affidavit that isn't the fullest affidavit in the government, not putting in one from somebody with personal knowledge. What we have from this case, we do have Pena, which this court had a long discussion about the defendant's affidavit with respect to standing, but remanded also for the court to consider the legal issues, even though it didn't appear that the defendant put in any argument about why there was no probable cause in that case. I mean, put an argument, excuse me, but not any personal information from the defendant. With respect to the legal issues, sometimes the defendant doesn't know exactly what the police officers observed, and can only say what he believes to be true based on the circumstances of the evening. We can't expect him to get in the mind of the officer and say exactly what they observed. Saying that he didn't believe they could see what they said they saw because of the conditions of the evening should be enough. Thank you. Thank you. Thank you both for your arguments. The court will reserve decision.